```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

Mark Detwiler                         :     CIVIL ACTION
                                      :
        v.                            :
                                      :
Valero Marketing and Supply           :
Company, *et al.*                     :     NO. 08-3495

                          MEMORANDUM

Fullam, Sr. J.                                    October 22, 2009


    The plaintiff was injured while loading asphalt at the defendants' refinery.  The defendants (collectively, "Valero"), have moved for summary judgment against both the plaintiff's complaint and against the third-party defendant, Eves Trucking Company, which is the plaintiff's employer.  Eves Trucking has filed its own motion for summary judgment against Valero.

    The plaintiff has agreed to withdraw his claims for strict products liability and breach of warranty.  The remaining claim of negligence is straightforward and may proceed to trial: there is evidence that the facilities were poorly maintained, which allegedly caused the accident.  This is sufficient under New Jersey law, which all parties agree applies to this claim. <u>Aly v. Federal Express, Inc.</u>, Civil Action No. 04-3886 slip. op. (D.N.J. Sept. 22, 2008).  Valero protests that the plaintiff's expert report was submitted too close to trial, but, to the extent an expert report is necessary on liability, the expert's deposition has been scheduled and the prejudice is not evident.

As to the motions between Valero and Eves Trucking, I am persuaded that the Carrier Access Agreement does not require Eves Trucking to provide a defense to Valero. Under Texas law (which governs the contract), "the duty to defend is determined solely by the precise language in the contract and the factual allegations in the pleadings." English v. BGP International, Inc., 174 S.W. 3d 366, 372 (Tex. App. 2005). The complaint does not allege that any acts or omissions of Eves Trucking or its employees caused the accident, and Eves Trucking has no duty to defend Valero.

Valero also seeks defense costs based on a provision of the contract that requires that Valero be named as an additional insured on relevant insurance policies obtained by Eves Trucking. The evidence shows that Eves Trucking performed according to the contract in this regard, but the insurance company has refused to defend or indemnify Valero, purportedly because Eves Trucking was not named in the initial complaint. Eves Trucking obtained the insurance mandated by the contract; if the insurer then engages in what Valero has characterized as bad-faith conduct, that does not obligate Eves Trucking to step into the insurer's shoes.

Although Eves Trucking has no duty to defend Valero, it would be premature to determine that there is no duty to indemnify. Under Texas law, "[t]he duty to defend may be triggered by the pleadings, but the duty to indemnify is based on

the jury's findings."  Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc., 106 S.W.3d 118, 125 (Tex. App. 2003).  The indemnity question will have to be resolved at another time.

An appropriate order will be entered.

BY THE COURT:

/s/ John P. Fullam
John P. Fullam,    Sr. J.

the jury's findings."  Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc., 106 S.W.3d 118, 125 (Tex. App. 2003).  The indemnity question will have to be resolved at another time.

An appropriate order will be entered.

BY THE COURT:

/s/ John P. Fullam
John P. Fullam,    Sr. J.