```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

Mark Detwiler                         :    CIVIL ACTION
                                      :
         v.                           :
                                      :
Valero Marketing and Supply           :
Company, *et al.*                     :    NO. 08-3495

                              MEMORANDUM

Fullam, Sr. J.                                    December 2, 2009

      The plaintiff filed this lawsuit alleging that he was injured while loading asphalt at the defendants' refinery. The defendants (collectively, "Valero") then filed a third-party complaint against the plaintiff's employer, Eves Trucking Company, alleging that an agreement between Valero and Eves Trucking entitles Valero to indemnification for any damages awarded to the plaintiff.

      Three weeks before trial, American Interstate Insurance Company, which provides workers' compensation insurance to Eves Trucking, filed a motion seeking leave to intervene as of right pursuant to Federal Rule of Civil Procedure 24(a). The motion is untimely, and will be denied for that reason and because the insurer has failed to demonstrate that its interests will be impaired by the disposition of this litigation.

      In response to the motion to intervene, both Valero and Eves Trucking filed "cross-motions" seeking to bar the plaintiff from introducing evidence of lost wages and medical bills paid through workers' compensation on the grounds that Eves Trucking

waived its right of subrogation against Valero in their agreement and that if the plaintiff were awarded such sums in the absence of a right of subrogation, there would be a double recovery.  I am not persuaded that barring the evidence is the appropriate course of action; the damages to which the plaintiff is entitled have not been established yet.  The jury will have the opportunity to award damages for lost wages, medical costs, pain and suffering, etc., and if warranted, remittitur or set-off may be ordered.

The appropriate orders will be entered.

BY THE COURT:

/s/ John P. Fullam
John P. Fullam,    Sr. J.